FILED by ___ D.C.
ELECTRONIC
Jun 14 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DOCKET NO. 05-21046
CIVIL
KING

| | |
|---|---|
| ARRIVAL STAR, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| MAERSK LOGISTICS USA, INC.; ABF FREIGHT SYSTEM, INC.; NYK LOGISTICS (ETA), INC.; and CON-WAY TRANSPORTATION SERVICES, INC. | ) ) ) ) ) |
| Defendants. | ) ) |

### CON-WAY TRANSPORTATION SERVICES, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Con-Way Transportation Services, Inc. ("Con-Way") by and through the undersigned counsel, answers the Complaint filed against it by Plaintiff Arrival Star, Inc. ("Arrival Star") in corresponding numbered paragraphs, and states its defenses as follows.

### NATURE OF THE LAWSUIT

1. Con-Way admits that the Complaint purports to state claims for patent infringement but denies any conduct or omission giving rise to such claims. Con-Way admits that 28 U.S.C. § 1338(a) provides the Court with subject matter jurisdiction over patent claims.

### THE PARTIES

2. Con-Way lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies such allegations.

1-MI/554649.2
MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

37/aj

3. Con-Way lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, therefore, denies such allegations.

4. Con-Way lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies such allegations.

5. Con-Way lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies such allegations.

6. Con-Way admits that it is a corporation organized under the laws of the State of Delaware and has a place of business at 110 Parkland Plaza, Ann Arbor, Michigan 48103. Con-Way denies the remaining allegations of Paragraph 6 of the Complaint, including that Con-Way transacts business and has provided to customers in this judicial district and throughout the State of Florida services that infringe the claims of U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; and 6,748,320.

7. Con-Way admits that venue is proper in this district pursuant to 28 U.S.C. § 1391 and 1400(b), except that Con-Way denies any acts of infringement.

### DEFENDANT'S ALLEGED ACTS OF PATENT INFRINGEMENT

8. Con-Way lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies such allegations.

9. Con-Way lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies such

2

allegations.

10. Con-Way lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies such allegations.

11. Con-Way denies the allegations in Paragraph 11 of the Complaint.

12. Con-Way denies the allegations in Paragraph 12 of the Complaint.

## AFFIRMATIVE DEFENSES

Con-Way asserts the following affirmative defenses against the allegations made by the Plaintiff in the Complaint. Con-Way hereby reserves the right to plead any additional affirmative defenses that become available or known as this action proceeds, including, but not limited to, those defenses that become known to Con-Way through discovery. Con-Way reserves the right to amend its Answer to add such additional defenses or to delete any affirmative defenses that it determines are not applicable.

### First Affirmative Defense

(Failure to State a Cause of Action)

13. The Complaint and each and every cause of action therein fails to state facts sufficient to constitute a cause of action against Con-Way.

### Second Affirmative Defense

(Unclean Hands)

14. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Third Affirmative Defense

(No Injury or Damage)

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered

3

any injury or damage as a result of any conduct by Con-Way as alleged in the Complaint.

### Fourth Affirmative Defense

(No Infringement)

16.   Con-Way does not infringe U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; or 6,748,320, nor has Con-Way contributed to or induced infringement of these patents.

### Fifth Affirmative Defense

(Invalidity and Unenforceability of Patents)

17.   U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; and 6,748,320 are invalid and unenforceable for failure to satisfy the conditions of patentability specified in Title 35, U.S.C. §§ 101, 102, 103 and 112.

### Sixth Affirmative Defense

(Patent Prosecution Estoppel)

18.   On the basis of proceedings in and statements made to the U.S. Patent and Trademark Office during prosecution of the patent applications that matured into U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; and 6,748,320 and in all other patent applications related to or in the same patent family as U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; or 6,748,320, Plaintiff is estopped from construing U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; and 6,748,320 to cover any product or service made, used, sold, offered for sale or imported into the U.S. by Con-Way.

### Seventh Affirmative Defense

(Limitation on Damages for Patent Infringement)

19.   Plaintiff's claims are barred, in whole or in part, by 35 U.S.C. § 287.

4

MORGAN, LEWIS & BOCKIUS LLP
4 of 9   5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

**Eighth Affirmative Defense**

(Patent Misuse)

20. Plaintiff's claim for patent infringement is barred, in whole or in part, because Plaintiff is misusing, extending or attempting to extend the alleged patent monopoly, if any, or the scope of the alleged patent monopoly, if any, afforded by U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; and 6,748,320 contrary to the law and to the public policy of the U.S.

**COUNTERCLAIMS**

For its counterclaims against Plaintiff Arrival Star, Inc., Con-Way alleges as follows:

**Nature of the Counterclaim**

21. The counterclaims herein are made under 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment of invalidity, unenforceability and non-infringement of U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; and 6,748,320. These counterclaims arise under the Patent Laws of the U.S., Title 35 U.S.C.

22. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. § 1338.

23. An actual and justiciable controversy exists between Plaintiff Arrival Star, Inc. and Con-Way with respect to the alleged infringement, validity and enforceability of U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; and 6,748,320.

**First Counterclaim**

(Invalidity of Patents)

24. U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; and 6,748,320 are invalid for failure to satisfy the conditions of patentability specified in Title 35, U.S.C. §§ 101, 102, 103 and 112.

5

MORGAN, LEWIS & BOCKIUS LLP
5 of 9   5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

### Second Counterclaim

(Unenforceability of Patents)

25. U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; and 6,748,320 are unenforceable for failure to satisfy the conditions of patentability specified in Title 35, U.S.C. §§ 101, 102, 103 and 112.

### Third Counterclaim

(No Infringement)

26. Con-Way does not infringe U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; or 6,748,320.

### Fourth Counterclaim

(No Contributory or Induced Infringement)

27. Con-Way has not contributed to or induced infringement of U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; or 6,748,320.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant Con-Way Transportation Services, Inc. prays:

1. That the Court declare, adjudge and decree that U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; and 6,748,320 are invalid.

2. That the Court declare, adjudge and decree that U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; and 6,748,320 are unenforceable.

3. That the Court declare, adjudge and decree that Defendant Con-Way has not infringed and does not infringe U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; and 6,748,320.

6

MORGAN, LEWIS & BOCKIUS LLP
6 of 9   5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

4. That the Court declare, adjudge and decree that Defendant Con-Way has not contributed to or induced and does not contribute to or induce infringement of U.S. Patent Nos. 6,748,318; 6,317,060; 6,714,859; and 6,748,320.

5. That Plaintiff Arrival Star, Inc. take nothing by the Complaint.

6. That Plaintiff Arrival Star, Inc.'s Complaint be dismissed with prejudice.

7. That the Court declare this to be an exceptional case under 35 U.S.C. § 285 and award Defendant Con-Way its costs (including expert fees), disbursements and reasonable attorneys' fees incurred in this action.

8. That the Court award such further relief as deemed just and proper.

7

MORGAN, LEWIS & BOCKIUS LLP
7 of 9   5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

Respectfully submitted,

*s/ Derek E. León*

Robert M. Brochin
 Florida Bar No. 0319661
Derek E. León
 Florida Bar No. 0625507
Morgan, Lewis & Bockius LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2339
Telephone:    305.415.3456
Facsimile:     305.415.3001
E-mail:          rbrochin@morganlewis.com
                     dleon@morganlewis.com

Anthony C. Roth
John D. Zele
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:    202.739.3000
Facsimile:     202.739.3001
E-mail:          aroth@morganklewis.com
                     jzele@morganlewis.com

Andrew J. Gray IV
David R. Owens
Dion M. Bregman
Morgan, Lewis & Bockius LLP
2 Palo Alto Square, Suite 700
3000 El Camino Real
Palo Alto, California 94306
Telephone:    650.843.4000
Facsimile:     650.843.4001
Email:           agray@morganlewis.com
                     dbregman@morganlewis.com
                     dowens@morganlewis.com
                     dbregman@morganlewis.com

Attorneys for Defendants ABF Freight System, Inc.
 and Con-Way Transportation Services, Inc.

8

MORGAN, LEWIS & BOCKIUS LLP
8 of 9   5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Con-Way Transportation Services, Inc.'s Answer, Affirmative Defenses, and Counterclaims* was sent by U.S. mail this 14th day of June, 2005, to the following:

>Joseph R. Englander, Esq.
>Alan Weisberg, Esq.
>**Christopher & Weisberg, P.A.**
>Counsel for Plaintiff
>200 East Las Olas Blvd., Suite 2040
>Fort Lauderdale, Florida 33301
>
>Matthew G. McAndrews, Esq.
>**Niro Scavone Haller & Niro**
>Counsel for Plaintiff
>181 W. Madison Street, Suite 4600
>Chicago, Illinois 60602
>
>Charles M. Rosenberg, Esq.
>**Carlton Fields, P.A.**
>Counsel for Maersk Logistics USA, Inc.
>100 S.E. Second Street, Suite 4000
>Miami, Florida 33131-9101
>
>William J. Heller, Esq.
>Jonathan M.H. Short, Esq.
>**McCarter & English, LLP**
>Counsel for NYK Logistics (ETA), Inc.
>Four Gateway Center
>100 Mulberry Street
>Newark, New Jersey 07102

*s/ Derek E. León*
Derek E. León