

Jun 20 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 05-21046-CIV-KING/GARBER

| | |
|---|---|
| ARRIVAL STAR, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MAERSK LOGISTICS USA, INC., ABF ) <br> FREIGHT SYSTEM, INC., NYK LOGISTICS ) <br> (ETA), INC., and CON-WAY ) <br> TRANSPORTATION SERVICES, INC. ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> NYK LOGISTICS (ETA), INC., ) <br> ) <br> Counterclaimant, ) <br> ) <br> v. ) <br> ) <br> ARRIVAL STAR, INC., ) <br> ) <br> Counterclaim Defendant. ) <br> _____) | **ANSWER TO COMPLAINT; COUNTERCLAIM OF NYK LOGISTICS (ETA), INC.** |

## ANSWER

NYK Logistics (ETA), Inc. is a named defendant in the above captioned case. NYK Logistics (ETA), Inc. is no longer an active corporation. NYK Logistics (ETA), Inc., was a Texas corporation that merged into GST Corporation, a Tennessee corporation. GST Corporation was later renamed NYK Logistics (Americas), Inc., a Tennessee corporation (hereinafter "NYK"). NYK answers the Complaint of Plaintiff Arrival Star, Inc., as follows:

## NATURE OF LAWSUIT

1.      Answering Paragraph 1 of the Complaint, NYK admits that Plaintiff has alleged causes of action arising under the United States Patent Act.  NYK currently has insufficient knowledge or information upon which to form a belief as to the truth of the remainder of the allegations of Paragraph 1 of the Complaint and therefore denies the same.

## THE PARTIES

2.      NYK currently has insufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies the same.

3.      NYK currently has insufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore denies the same.

4.      NYK currently has insufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore denies the same.

5.      NYK admits that NYK Logistics (ETA), Inc. was a Texas corporation with a principal place of business at 401 S.E. D Street, Bentonville, Arkansas 72712-6066.  NYK denies the remainder of the allegations of Paragraph 5.

6.      NYK currently has insufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and therefore denies the same.

7.      NYK currently has insufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and therefore denies the same.

## DEFENDANTS' ACTS OF PATENT INFRINGEMENT

8.      NYK currently has insufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore denies the same.

9.      NYK currently has insufficient knowledge or information upon which to form a belief as

to the truth of the allegations of Paragraph 9 of the Complaint and therefore denies the same.

10.     NYK denies those allegations of Paragraph 10 that are directed to it.  Except as specifically stated herein, NYK states that it currently has insufficient knowledge or information upon which to form a belief as to the truth of the remainder of the allegations of Paragraph 10 of the Complaint and therefore denies the same.

11.     NYK currently has insufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore denies the same.

12.     NYK denies those allegations of Paragraph 12 that are directed to it.  Except as specifically stated herein, NYK states that it currently has insufficient knowledge or information upon which to form a belief as to the truth of the remainder of the allegations of Paragraph 12 of the Complaint and therefore denies the same.

## ARRIVAL STAR'S] PRAYER FOR RELIEF

NYK denies that Arrival Star is entitled to any of the relief requested in its Prayer for Relief.

## SEPARATE AND AFFIRMATIVE DEFENSES

### First Affirmative Defense

13.     NYK, on information and belief, and pursuant to Title 35, United States Code, Section 282(l) states that Patent No. 6,748,318 and the claims thereof are not and have not been infringed by NYK.

### Second Affirmative Defense

14.     NYK, on information and belief, and pursuant to Title 35, United States Code, Section 282(2) states that Patent No. 6,748,318 and the claims thereof are invalid, unenforceable, void

-3-

and/or not infringed for failure to comply with the provisions of Title 35, United States Code, based upon one or more of the following grounds:

      (a)    The differences between the subject matter of said patent claims and the prior art are such that the patented subject matter as a whole would have been obvious at the time the alleged invention was made to a person having an ordinary skill in the art to which the subject matter pertains;

      (b)    The alleged invention of said patent was known or used by others in this country or patented or described in printed publications in this or a foreign country before the alleged invention thereof by the patentee;

      (c)    The alleged invention of said patent was patented or described in a printed publication in this or a foreign country, or in public use or on sale in this country, more than one year prior to the date of filing the application for said patent in the United States;

      (d)    Before the alleged invention of the subject matter of said patent by the patentee, the alleged invention was made in this country by another who had not abandoned, suppressed or concealed it;

      (e)    The claims of said patent are invalid for lack of patentable invention;

      (f)    The named inventors did not invent the subject matter sought to be patented.

### Third Affirmative Defense

15.    On information and belief, and pursuant to Title 35, United States Code, Section 282(3) NYK states that Patent No. 6,748,318 and the claims thereof, are further invalid or non-infringed on the following grounds:

      (a)    The specification of said patent does not contain a written description of

the alleged invention and the manner and process of making and using same, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to make and use the same, nor does such specification set forth the best mode contemplated by the inventor of carrying out the alleged invention as required by Title 35, United States Code, Section 112;

   (b) The claims of said patent do not particularly point out and distinctly claim the subject matter regarded as the alleged invention as required by Title 35, United States Code, Section 112;

   (c) The claims of said patent are not properly supported by the disclosure of said patent;

   (d) The claims of said patent define inoperative subject matter.

### Fourth Affirmative Defense

16. Further answering on information and belief, and pursuant to Title 35, United States Code, Section 282(4) NYK states that Patent No. 6,748,318 and the claims thereof are invalid or non-infringed on the following grounds:

   (a) The prior art known before the alleged invention of the subject matter of said patent and the disclosure of the patent so limit and restrict the scope of the claims of said patent that nothing made, used or sold by NYK can be regarded as an infringement;

   (b) Plaintiff is estopped by virtue of representations and concessions made to the United States Patent and Trademark Office during the prosecution of the application from which said patent issued from construing any of the claims of said patent to cover any of the activities of NYK;

   (c) Plaintiff improperly obtained the issuance of said patent by virtue of

representations made to the United States Patent and Trademark Office in the application and during the prosecution of the application from which the patent issued which gave an erroneous impression to the United States Patent and Trademark Office of the alleged intention and of the advantages, value and success thereof;

   (d) The United States Patent and Trademark Office improperly issued said patent without due consideration and without full and proper investigation and consideration of all the pertinent prior art.

### Fifth Affirmative Defense

17. NYK, on information and belief, and pursuant to Title 35, United States Code, Section 282(l) states that Patent No. 6,317,060 and the claims thereof are not and have not been infringed by NYK.

### Sixth Affirmative Defense

18. NYK, on information and belief, and pursuant to Title 35, United States Code, Section 282(2) states that Patent No. 6,317,060 and the claims thereof are invalid, unenforceable, void and/or not infringed for failure to comply with the provisions of Title 35, United States Code, based upon one or more of the following grounds:

   (a) The differences between the subject matter of said patent claims and the prior art are such that the patented subject matter as a whole would have been obvious at the time the alleged invention was made to a person having an ordinary skill in the art to which the subject matter pertains;

   (b) The alleged invention of said patent was known or used by others in this country or patented or described in printed publications in this or a foreign country before the alleged invention thereof by the patentee;

-6-

(c) The alleged invention of said patent was patented or described in a printed publication in this or a foreign country, or in public use or on sale in this country, more than one year to the date of filing the application for said patent in the United States;

(d) Before the alleged invention of the subject matter of said patent by the patentee, the alleged invention was made in this country by another who had not abandoned, suppressed or concealed it;

(e) The claims of said patent are invalid for lack of patentable invention;

(f) The named inventors did not invent the subject matter sought to be patented.

**Seventh Affirmative Defense**

19. On information and belief, and pursuant to Title 35, United States Code, Section 282(3) NYK states that Patent No. 6,317,060 and the claims thereof, are further invalid or non-infringed on the following grounds:

(a) The specification of said patent does not contain a written description of the alleged invention and the manner and process of making and using same, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains or with which it is more nearly connected, to make and use the same, nor does such specification set forth the best mode contemplated by the inventor of carrying out the alleged invention as required by Title 35, United States Code, Section 112;

(b) The claims of said patent do not particularly point out and distinctly claim the subject matter regarded as the alleged intention as required by Title 35, United States Code, Section 112;

(c) The claims of said patent are not properly supported by the disclosure of

-7-

said patent;

      (d)    The claims of said patent define inoperative subject matter.

### Eighth Affirmative Defense

20. Further answering on information and belief, and pursuant to Title 35, United States Code, Section 282(4) NYK states that Patent No. 6,317,060 and the claims thereof are invalid or non-infringed on the following grounds:

      (a)    The prior art known before the alleged invention of the subject matter of said patent and the disclosure of the patent so limit and restrict the scope of the claims of said patent that nothing made, used or sold by NYK can be regarded as an infringement;

      (b)    Plaintiff is estopped by virtue of representations and concessions made to the United States Patent and Trademark office during the prosecution of the application from which said patent issued from construing any of the claims of said patent to cover any of the activities of NYK;

      (c)    Plaintiff improperly obtained the issuance of said patent by virtue of representations made to the United States Patent and Trademark Office in the application and during the prosecution of the application from which the patent issued which gave an erroneous impression to the United States Patent and Trademark Office of the alleged invention and of the advantages, value and success thereof;

      (d)    The United States Patent and Trademark Office improperly issued said patent without due consideration and without full and proper investigation and consideration of all the pertinent prior art.

**Ninth Affirmative Defense**

21.     NYK, on information and belief, and pursuant to Title 35, United States Code, Section 282(l) states that Patent No. 6,748,320 and the claims thereof are not and have not infringed by NYK.

**Tenth Affirmative Defense**

22.     NYK, on information and belief, and pursuant to Title 35, United States Code, Section 282(2),states that Patent No. 6,748,320 and the claims thereof are invalid, unenforceable, void and/or not infringed for failure to comply with the provisions of Title 35, United States Code, based upon one or more of the following grounds:

(a)     The differences between the subject matter of said patent claims and the prior art are such that the patented subject matter as a whole would have been obvious at the time the alleged invention was made to a person having an ordinary skill in the art to which the subject matter pertains;

(b)     The alleged invention of said patent was known or used by others in this country or patented or described in printed publications in this or a foreign country before the alleged invention thereof by the patentee;

(c)     The alleged invention of said patent was patented or described in a printed publication in this or a foreign country, or in public use or on sale in this country, more than one year prior to the date of filing the application for said patent in the United States;

(d)     Before the alleged invention of the subject matter of said patent by the patentee, the alleged invention was made in this country by another who had not abandoned, suppressed or concealed it;

(e)     The claims of said patent are invalid for lack of patentable invention;

-9-

(f) The named inventors did not invent the subject matter sought to be patented.

**Eleventh Affirmative Defense**

23. On information and belief, and pursuant to Title 35, United States Code, Section 282(3) NYK states that Patent No. 6,748,320 and the claims thereof, are further invalid or non-infringed on the following grounds:

(a) The specification of said patent does not contain a written description of the alleged invention and the manner and process of making and using same, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to make and use the same, nor does such specification set forth the best mode contemplated by the inventor of carrying out the alleged invention as required by Title 35, United States Code, Section 112;

(b) The claims of said patent do not particularly point out and distinctly claim the subject matter regarded as the alleged invention as required by Title 35, United States Code, Section 112;

(c) The claims of said patent are not properly supported by the disclosure of said patent;

(d) The claims of said patent define inoperative subject matter.

**Twelfth Affirmative Defense**

24. Further answering on information and belief, and pursuant to Title 35, United States Code, Section 282(4) NYK states that Patent No. 6,748,320 and the claims therefore are invalid or non-infringed on the following grounds:

(a) The prior art known before the alleged invention of the subject matter of

-10-

said patent and the disclosure of the patent so limit and restrict the scope of the claims of said patent that nothing made, used or sold by NYK can be regarded as an infringement;

      (b)      Plaintiff is estopped by virtue of representations and concessions made to the United States Patent and Trademark Office during the prosecution of the application from which said patent issued from construing any of the claims of said patent to cover any of the activities of NYK;

      (c)      Plaintiff improperly obtained the issuance of said patent by virtue of representations made to the United States Patent and Trademark Office in the application and during the prosecution of the application from which the patent issued which gave an erroneous impression to the United States Patent and Trademark Office of the alleged invention and of the advantages, value and success thereof;

      (d)      The United States Patent and Trademark Office improperly issued said patent without due consideration and without full and proper investigation and consideration of all the pertinent prior art.

25. The patents and publications relied upon as prior art, and persons relied upon as prior inventors or as having prior knowledge or as having previously used or offered the alleged invention for sale, including such patents, publications and persons as are presently unknown to NYK, will be specified and notice thereof given to Plaintiff in accordance with Title 35, United States Code, Section 282.

### Thirteenth Affirmative Defense

26. NYK, on information and belief, and pursuant to Title 35, United States Code, Section 282(l) states that Patent No. 6,411,891 and the claims thereof are not and have not infringed by NYK.

-11-

**Fourteenth Affirmative Defense**

27.     NYK, on information and belief, and pursuant to Title 35, United States Code, Section 282(2), states that Patent No. 6,411,891 and the claims thereof are invalid, unenforceable, void and/or not infringed for failure to comply with the provisions of Title 35, United States Code, based upon one or more of the following grounds:

(a)     The differences between the subject matter of said patent claims and the prior art are such that the patented subject matter as a whole would have been obvious at the time the alleged invention was made to a person having an ordinary skill in the art to which the subject matter pertains;

(b)     The alleged invention of said patent was known or used by others in this country or patented or described in printed publications in this or a foreign country before the alleged invention thereof by the patentee;

(c)     The alleged invention of said patent was patented or described in a printed publication in this or a foreign country, or in public use or on sale in this country, more than one year prior to the date of filing the application for said patent in the United States;

(d)     Before the alleged invention of the subject matter of said patent by the patentee, the alleged invention was made in this country by another who had not abandoned, suppressed or concealed it;

(e)     The claims of said patent are invalid for lack of patentable invention;

(f)     The named inventors did not invent the subject matter sought to be patented.

### Fifteenth Affirmative Defense

28. On information and belief, and pursuant to Title 35, United States Code, Section 282(3) NYK states that Patent No. 6,411,891 and the claims thereof, are further invalid or non-infringed on the following grounds:

    (a) The specification of said patent does not contain a written description of the alleged invention and the manner and process of making and using same, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to make and use the same, nor does such specification set forth the best mode contemplated by the inventor of carrying out the alleged invention as required by Title 35, United States Code, Section 112;

    (b) The claims of said patent do not particularly point out and distinctly claim the subject matter regarded as the alleged invention as required by Title 35, United States Code, Section 112;

    (c) The claims of said patent are not properly supported by the disclosure of said patent;

    (d) The claims of said patent define inoperative subject matter.

### Sixteenth Affirmative Defense

29. Further answering on information and belief, and pursuant to Title 35, United States Code, Section 282(4) NYK states that Patent No. 6,411,891 and the claims therefore are invalid or non-infringed on the following grounds:

    (a) The prior art known before the alleged invention of the subject matter of said patent and the disclosure of the patent so limit and restrict the scope of the claims of said

-13-

patent that nothing made, used or sold by NYK can be regarded as an infringement;

    (b) Plaintiff is estopped by virtue of representations and concessions made to the United States Patent and Trademark Office during the prosecution of the application from which said patent issued from construing any of the claims of said patent to cover any of the activities of NYK;

    (c) Plaintiff improperly obtained the issuance of said patent by virtue of representations made to the United States Patent and Trademark Office in the application and during the prosecution of the application from which the patent issued which gave an erroneous impression to the United States Patent and Trademark Office of the alleged invention and of the advantages, value and success thereof;

    (d) The United States Patent and Trademark Office improperly issued said patent without due consideration and without full and proper investigation and consideration of all the pertinent prior art.

30. The patents and publications relied upon as prior art, and persons relied upon as prior inventors or as having prior knowledge or as having previously used or offered the alleged invention for sale, including such patents, publications and persons as are presently unknown to NYK, will be specified and notice thereof given to Plaintiff in accordance with Title 35, United States Code, Section 282.

### Seventeenth Affirmative Defense

31. Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.

**Eighteenth Affirmative Defense**

32.     On information and belief, Plaintiff has misused the patents in suit and therefore is precluded from obtaining any relief in this action due to the misuse, including but not limited to the imposition of industry standards requiring infringement of the patents in suit, which renders the patents unenforceable.

**Nineteenth Affirmative Defense**

33.     On information and belief, Plaintiff has failed to mark commercial embodiments of the patented products in accordance with the provisions Title 35, United States Code, Section 287.

**Twentieth Affirmative Defense**

34.     On information and belief, Plaintiff has unreasonably delayed in filing this action, and such an action constitutes laches. NYK's detrimental reliance upon such delay estops Plaintiff from asserting any prospective relief.

**Twenty-First Affirmative Defense**

35.     Plaintiff, in so misusing the patents in suit, has committed violations of the antitrust laws.

**PRAYER FOR RELIEF**

Wherefore, Defendant, NYK denies that Plaintiff Arrival Star, Inc. is entitled to any of the relief prayed for in the Complaint, and NYK prays that judgment be entered against Arrival Star, Inc. as follows:

A.      That the Complaint herein be dismissed with costs and reasonable attorney fees awarded to NYK;

B.      For judgment that the claims of United States Patent Nos. 6,748,318; 6,317,060; 6,748,320; and 6,411,891 are not in any manner infringed by NYK;

C.   For judgment that all claims of United States Patent Nos. 6,748,318; 6,317,060; 6,748,320; and 6,411,891 are invalid, void, and unenforceable against NYK;

D.   For judgment that Plaintiff, Arrival Star, Inc., is without right or authority to threaten or maintain suit against NYK or its customers for alleged infringement of United States Patent Nos. 6,748,318; 6,317,060; 6,748,320; and 6,411,891;

E.   For an order that Plaintiff, Arrival Star, Inc., its agents, servants, employees, and attorneys, and those persons in active consort or participation with it, individually or collectively, be preliminary and permanently enjoined from charging, contending, or threatening NYK or any of its customers, dealers, agents, servants, employees, or any perspective or present sellers, dealers, or users of NYK's products, with infringement litigation, or charging any of them, either verbally or in writing, with infringement of United States Patent Nos. 6,748,318; 6,317,060; 6,748,320; and 6,411,891 because of the manufacture, use, sale and/or offer for sale of NYK's products;

F.   That this case be deemed "exceptional" pursuant to Title 35, United States Code, Section 285 and that all costs and expenses of this action including reasonable attorney fees be taxed in favor of NYK and against Plaintiff, and that NYK shall have judgment and execution thereof against Plaintiff; and

G.   For such other and further relief as this court may deem just and proper.

## COUNTERCLAIM

Defendant/Counterclaimant NYK Logistics (ETA), Inc., which has merged into NYK Logistics (Americas), Inc. (hereinafter "NYK"), counterclaiming against Plaintiff/Counterclaim Defendant Arrival Star, Inc. (hereinafter "Arrival Star"), says:

-16-

## JURISDICTION AND VENUE

36. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction under 28 U.S.C. § 1338(a). This counterclaim also is filed under authority of Rule 13 of the Federal Rules of Civil Procedure as it arises out of the same transaction and occurrence that is the subject of the Complaint.

## THE PARTIES

37. Counterclaimant NYK Logistics (ETA), Inc., was a Texas corporation that merged into GST Corporation, a Tennessee corporation. GST Corporation was later renamed NYK Logistics (Americas), Inc., a Tennessee corporation with its principal place of business at 8295 Tournament Drive, Suite 150, Memphis, Tennessee 38125.

38. On information and belief, and as pled in the Complaint, Counterclaim Defendant Arrival Star is a Delaware corporation having its principal place of business at 219 N.E. 1st Avenue, Delray Beach, Florida 33444.

## COUNTERCLAIM FOR DECLARATORY RELIEF

39. NYK incorporates by reference Paragraphs 36 through 38 as though set forth fully herein and the separate and affirmative defenses pleaded herein.

40. This Counterclaim constitutes an action for declaratory judgment of patent non-infringement, invalidity, and unenforceability under 28 U.S.C. §§ 2201 and 2202, and under the Patent Laws of the United States.

41. In its Complaint, Arrival Star alleges that it is the owner of, inter alia, United States Patent Nos. 6,748,318, 6,317,060, 6,748,320, and 6,411,891 (collectively the "Patents in Suit").

42. NYK has not infringed and does not infringe the Patents in Suit.

-17-

43. The Patents in Suit are invalid, unenforceable, and void under the provisions of 35 U.S.C. §§ 102, 103 and/or 112.

44. As evidenced by the Complaint and this pleading in response to it, there exists an actual controversy between NYK, as Counterclaimant, and Arrival Star, as Counterclaim Defendant, regarding the validity, enforceability and infringement of the Patents in Suit.

45. This is an exceptional case within the provisions of 35 U.S.C. § 285 and, accordingly, NYK is entitled to an award of reasonable attorneys' fees.

WHEREFORE, NYK, as Defendant and Counterclaim Plaintiff, requests judgment as follows:

a) That the Complaint be dismissed with prejudice and that Arrival Star be denied all relief;

b) That this Court declare that NYK has not infringed and does not infringe the Patents in Suit;

c) That this Court declare that the Patents in Suit are invalid, unenforceable, and void;

d) That this Court find that Arrival Star's conduct renders this case exceptional under 35 U.S.C. § 285 and award NYK reasonable attorneys' fees;

e) That Arrival Star and all persons in privity with it, and its agents, be enjoined from further charging NYK with infringement of the Patents in Suit; and

    f)  For such further and other relief as this Court deems just and proper.

Dated:  June 20, 2005.

                Respectfully Submitted,

                **McCARTER & ENGLISH, LLP**
                William J. Heller (pro hac vice)
                Jonathan M.H. Short (pro hac vice)
                Four Gateway Center
                100 Mulberry Street
                Newark, New Jersey 07102-4056
                Phone: (973) 622-4444
                Fax: (973) 624-7070

                **SHUTTS & BOWEN LLP**
                Jonathan Cohen
                1500 Miami Center
                201 South Biscayne Boulevard
                Miami, Florida 33131
                Phone: (305) 358-6300
                Fax: (305) 347-7873
                jcohen@shutts-law.com

                By: __s/Jonathan Cohen_____
                  Jonathan Cohen
                  Florida Bar No. 384305

                Attorneys for Defendant
                NYK LOGISTICS (ETA), INC.

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 20th day of June, 2005 to those on the attached service list.

                _____s/Jonathan Cohen_____
                  Of Counsel

## SERVICE LIST

| **Arrival Star, Inc.**<br><br>Joseph R. Englander, Esq.<br>CHRISTOPHER & WEISBERG, P.A.<br>200 East Las Olas Blvd., Suite 2040<br>Fort Lauderdale, FL  33301<br>jenglander@cwip.com<br>(954) 828-1488<br>(954) 828-9122 Fax<br><br>Raymond P. Niro, Jr., Esq.<br>Matthew G. McAndrews, Esq.<br>NIRO, SCAVONE, HALLER & NIRO<br>181 W. Madison St., Suite 4600<br>Chicago, IL  60602<br>(312) 236-0733<br>(312) 236-3137 Fax<br><br>**Maersk Logistics USA, Inc.**<br><br>Charles M. Rosenberg, Esq.<br>CARLTON FIELDS, P.A.<br>Bank of America Tower at International Place<br>100 S.E. Second Street, Suite 4000<br>Miami, FL  33131-9101<br>crosenberg@carltonfields.com<br>(305) 530-0050<br>(305) 530-0055 Fax<br><br>Roderick R. McKelvie, Esq.<br>Kurt B. Calia, Esq.<br>Keith A. Teel, Esq.<br>Kevin R. Collins, Esq.<br>COVINGTON & BURLING<br>1201 Pennsylvania Avenue, NW<br>Washington, DC  20004-2401<br>rmckelvie@cov.com<br>kcalia@cov.com<br>kteel@cov.com<br>kcollins@cov.com<br>(202) 662-6000<br>(202) 662-6291 Fax | **ABF Freight System, Inc. and**<br>**Con-Way Transportation Services, Inc.**<br><br>Robert M. Brochin, Esq.<br>MORGAN, LEWIS & BOCKIUS LLP<br>5300 Wachovia Financial Center<br>200 South Biscayne Blvd.<br>Miami, FL  33131<br>rbrochin@morganlewis.com<br>(305) 415-3000<br>(305) 415-3001 Fax<br><br>Anthony C. Roth, Esq.<br>John Zele, Esq.<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, DC  20004<br>aroth@morganlewis.com<br>jzele@morganlewis.com<br>(202) 739-3000<br>(202) 739-3001 Fax<br><br>Andrew J. Gray IV, Esq.<br>David R. Owens, Esq.<br>Dion M. Bregman, Esq.<br>MORGAN, LEWIS & BOCKIUS LLP<br>2 Palo Alto Square, Suite 700<br>3000 El Camino Real<br>Palo Alto, CA  94306<br>agray@morganlewis.com<br>dowens@morganlewis.com<br>dbregman@morganlewis.com<br>(650) 843-4000<br>(650) 843-4001 Fax |
|---|---|

MIADOCS 807965 1

-20-